UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEREMY TIMKO,<br><br>            Plaintiff<br><br>    v.<br><br>SCOTT TRAUGH, et al.,<br><br>            Defendants | CIVIL ACTION NO. 4:22-CV-01195<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Presently before the Court is a motion *in limine* filed by Plaintiff Jeremy Timko ("Timko"). (Doc. 27). Timko initiated this 42 U.S.C. § 1983 civil rights action on August 5, 2022, by filing a complaint against Hemlock Township ("Hemlock Township"), Officer Scott Traugh ("Officer Traugh"), and Michael Vandine ("Vandine"). (Doc. 1). In his motion *in limine*, Timko seeks to exclude at summary judgment and trial the report, opinions, and testimony of Christopher Boyle. (Doc. 27). Specifically, Timko submits that Boyle's report and opinion do not meet the requirements of the Federal Rules of Evidence or *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Timko seeks to have the report excluded in its entirety, arguing that Boyle's testimony should be disallowed as to the reasonableness of an officer's use of force, and that the report is unreliable, provides only inadmissible legal conclusions, and does not fit the case.

I. **LEGAL STANDARD**

The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion to rule on motions *in limine* prior to trial. *See Luce v. United States*, 469 U.S. 38, 41 n.4, (1984); *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir.

1983), *rev'd on other grounds sub nom.* Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing, or irrelevant evidence. *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988). Courts may also do so to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted). As this Court has previously explained in *Onderko v. LM General Insurance Company*, 567 F. Supp. 3d 495, 500–01 (M.D. Pa. 2021), Federal Rule of Evidence 702 governs the admissibility of expert testimony and requires an expert witness to have "specialized knowledge" regarding the area of testimony. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.
>
> Fed. R. Evid. 702.

"Rule 702 has three major requirements: (1) the proffered witness must be an expert, i.e., must be qualified; (2) the expert must testify about matters requiring scientific, technical or specialized knowledge [, i.e., reliability]; and (3) the expert's testimony must assist the trier of fact [, i.e., fit]." *United States v. Schiff*, 602 F.3d 152, 172 (3d Cir. 2010) (alterations in original) (quoting *Pineda v. Ford Motor Co.,* 520 F.3d 237, 244 (3d Cir. 2008)).

First, an expert is qualified if "the witness possess[es] specialized expertise." *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003). The United States Court of Appeals for the Third Circuit interprets the qualifications requirement liberally, and notes that "a broad range of knowledge, skills, and training qualify an expert as such." *In re Paoli R.R. Yard PCB Litig.,* 35 F.3d 717, 741 (3d Cir. 1994); *Betterbox Commc'ns Ltd. v. BB Techs., Inc.*, 300 F.3d 325, 327-28 (3d Cir. 2002) ("[T]his specialized knowledge can be practical experience as well as academic training and credentials...."). Thus, "it is an abuse of discretion to exclude testimony simply because the trial court does not deem the proposed expert to be the best qualified or because the proposed expert does not have the specialization that the court considers most appropriate." *Holbrook v. Lykes Bros. S.S. Co.,* 80 F.3d 777, 782 (3d Cir. 1996); *see Pineda*, 520 F.3d at 244, & n.11 (collecting cases that illustrate the permissive nature of qualifications requirement). "However, at a minimum, a proffered expert witness must possess skill or knowledge greater than the average layman." *Betterbox*, 300 F.3d at 328 (quotation omitted).

The second requirement under Rule 702 is that "the process or technique the expert used in formulating the opinion is reliable." *Paoli*, 35 F.3d at 742. Therefore, "the expert's opinion must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation;' the expert must have 'good grounds' for his or her belief." *Paoli*, 35 F.3d at 742 (quoting *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 590, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)). The court in *Daubert* noted that the assessment of whether testimony is based on a reliable foundation is "flexible." *Daubert*, 509 U.S. at 594, 113 S.Ct. 2786.

The third and last requirement under Rule 702 is "that the expert testimony must fit the issues in the case." *Schneider*, 320 F.3d at 404. This requirement is satisfied where the "expert testimony proffered ... is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *United States v. Downing*, 753 F.2d 1224, 1242 (3d Cir. 1985). "Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Daubert*, 509 U.S. at 591-92, 113 S.Ct. 2786. Although the applicable standard for determining "fit" is "not that high," it is nonetheless "higher than bare relevance." *Paoli*, 35 F.3d at 745.

As a final note, in performing its gatekeeping function to determine whether an expert's proffered testimony is reliable and relevant under *Daubert* and Rule 702, the trial court "is not to weigh the evidence relied upon or determine whether it agrees with the conclusions reached therein." *Walker v. Gordon*, 46 F. App'x 691, 695 (3d Cir. 2002) (not precedential) (citing *Breidor v. Sears, Roebuck & Co.*, 722 F.2d 1134, 1138-39 (3d Cir. 1983) ("Where there is a logical basis for an expert's opinion testimony, the credibility and weight of that testimony is to be determined by the jury, not the trial judge.")).

II. **DISCUSSION**

Boyle reaches four conclusions in his report (Doc. 29-1):

1. It is my professional opinion that the use of force to detain Mr. Timko was both reasonable, and consistent with a Municipal Police Officer's training in the Commonwealth of Pennsylvania. The force used in this case was brief, in proper proportion to the resistant actions of the subject, designed to gain control of that resistant subject, and ceased when that control was achieved.

2. It is further my professional opinion that prompt medical attention was obtained for Mr. Timko, consistent with best practices. Indeed, Mr. Timko was seen by medical professionals within moments of his arrest.

4

3. It is further my opinion that the Use of Force General Order, Taser Policy, and Body Camera policies of the Hemlock Township Police Department are professionally satisfactory and constitutionally sound.

4. It is further my professional opinion that the record I reviewed does not reveal any pattern of Constitutional violations by the Hemlock Township Police, or "deliberate indifference" to any training, supervision or policy need.

(Doc. 29-1, at 29-30).

Timko's motion *in limine* seeks to preclude Boyle's report because it opines on legal conclusions, because it opines on issues not relevant to Timko's claims, and because the report is unreliable and does not fit the case.

A. ADMISSIBILITY OF THE REPORT GENERALLY

Rule 702, governing the admissibility of expert testimony, has a liberal policy of admissibility. *Pineda*, at 243. To summarize the analysis described above, Rule 702 has three major requirements – qualifications, reliability, and fit. *Pineda*, at 243. Timko does not argue that Boyle is not qualified to be an expert, but rather questions the reliability and fit of his expert report and testimony.[1] (Doc. 28, at 18-24). Specifically, Timko argues that Boyle makes inappropriate credibility determinations, resolves factual disputes, creates facts not in the record, provides conclusory statements not supported by any source, and makes legal conclusions. Timko also submits that Boyle's report is nothing more than a copy of other expert reports he has prepared in the past. In response, Defendants argue that the report is both reliable and fit.

---

[1] Despite Timko not making any argument that Boyle is not qualified, Defendants spend the first seven pages of their brief in opposition arguing the issue. (Doc. 32, at 1-7).

Initially, the Court generally finds that Boyle's report is reliable and fit. The report is "based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation;' the expert must have 'good grounds' for his or her belief." *Paoli*, 35 F.3d at 742. Further, the report is "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *United States v. Downing*, 753 F.2d 1224, 1242 (3d Cir. 1985). The Court addresses Timko's specific concerns below.

1. **Credibility**

The Court shares Timko's concern regarding Boyle's statement that he has "endeavor[ed] not to make credibility determinations" but finds that the statement stops short of actually making such a determination. Courts have noted that, pursuant to Rule 702, it is generally inappropriate for an expert witness to offer an opinion on the credibility of fact witnesses. *Withrow v. Spears*, 967 F.Supp.2d 982, 998–99 (D.Del. 2013); *see, e.g., Suter v. Gen. Accident Ins. Co. of Am.*, 424 F.Supp.2d 781, 793 (D.N.J.2006); *Hill v. NSB Niederelbe Schiffahrtsges.mbH & Co.*, No. Civ.A. 02–2713, 2004 WL 569908, at *1 (E.D.Pa. Mar. 5, 2004); *Griggs v. BIC Corp.*, 844 F.Supp. 190, 201 (M.D.Pa.1994), *aff'd* 37 F.3d 1486 (3d Cir.1994). Defendants are cautioned that such testimony will be precluded at trial, and if testimony reveals that Boyle made actual credibility determinations, the Court will reconsider its ruling on admission of the report. The jury will also be instructed on its role in determining the credibility of witnesses and the Court will consider an additional instruction on the role of the expert in this regard.

2. **Factual Disputes and Facts Not In the Record**

While factual disputes are for the jury, it is the burden of opposing counsel to explore the facts and assumptions underlying the testimony of an expert witness during cross-

examination. *Walker v. Gordon*, 46 Fed.App'x. 691, 696, 2002 WL 31059157, at *3–4 (3d Cir. 2002); *Stecyk v. Bell Helicopter Textron, Inc.,* 295 F.3d 408, 414 (3d Cir.2002). Timko may explore on cross-examination the reliance or assumptions Boyle places on disputed facts and make any argument that, if the jury rejects the underlying factual premises of the report, the jury should also reject Boyle's expert opinion. *See Stecyk*, 295 F.3d at 414 ("A party confronted with an adverse expert witness who has sufficient, though perhaps not overwhelming, facts and assumptions as the basis for his opinion can highlight those weaknesses through effective cross-examination.").

### 3. Deficiencies in Methodology

Timko asserts that the report should be precluded because Boyle does not identify the background of organizations and methods by which the standards he uses were developed or whether they were subject to peer review. (Doc. 28, at 21). Several courts have held that the *Daubert* factors such as peer review, publication, and potential error rate "simply are not appliable, [when] the reliability of testimony from a practical expert depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." *Jones v. SWEPI L.P.*, 643 F. Supp. 3d 547, 562 (W.D. Pa. 2022) (citing *Elgert v. Siemens Indus., Inc.*, No. CV 17-1985, 2019 WL 1294819, at *5–6 (E.D. Pa. Mar. 20, 2019) (internal quotations omitted)). The Court finds that it is not dispositive that Boyle does not necessarily meet the traditional indicators of reliability, such as whether standards were subject to peer review given his background and experience. *See Jones, supra.*

### 4. Legal Conclusions and Other Reports

Because the Court addresses the issue of the legal conclusions and opinions on ultimate issues below, it will not do so here. As for Timko's concern about portions of the

7

report having been carried over from reports prepared by Boyle in other cases, that portion of the report in this case has been precluded for the reasons set forth below.

With the issues of reliability and fit addressed, the Court will turn to the remaining objections to Boyle's report.

B. OPINIONS ON ULTIMATE ISSUES

In reaching his first, third, and fourth conclusions, Boyle reaches legal conclusions and opines on the ultimate issues in this case. For the following reasons, those portions of his report will be excluded, and he is prohibited from testifying on those matters at trial.

While the District Court has discretion to determine whether expert testimony will help the trier of fact, the court must ensure than an expert does not testify as to the governing law of the case. *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006). Federal Rule of Evidence 704 permits an expert witness to give expert testimony that "embraces an ultimate issue to be decided by the trier of fact," but an expert witness is prohibited from rendering a legal opinion. *Berckeley,* 455 F.3d at 217 (quoting *United States v. Leo,* 941 F.2d 181, 195-96 (3d Cir. 1991)). Such testimony is prohibited because it would usurp the District Court's pivotal role in explaining the law to the jury. *First Nat'l State Bank v. Reliance Elec. Co.,* 668 F.2d 725, 731 (3d Cir. 1981) (per curiam). In an excessive force case, the expert may not give an opinion on whether the force used was excessive, because doing so would constitute an impermissible legal opinion. *Patick v. Moorman,* 536 F. App'x 255, 258 (3d Cir. 2013); *Penn v. Detweiler*, 2020 WL 1016203, at *5 (M.D. Pa. 2020); *Bonilla v. City of York, Pa.*, 2016 WL 3165619, at *8 (M.D. Pa. June 7, 2016).

Although Boyle identifies the records he relies on and describes relevant facts from each of them, he draws legal conclusions that embrace the ultimate issues to be decided by

8

the trier of fact. For example, in his first opinion, Boyle concludes that "the use of force to detain Mr. Timko was … reasonable" and he cites the Supreme Court's decision in *Graham v. Connor* as part of his basis for reaching his conclusion. (Doc. 29-1, at 30). In his third opinion, Boyle opines that the "policies of the Hemlock Township Police Department are … constitutionally sound." (Doc. 29-1, at 33). In his fourth opinion, Boyle opines that there is no "pattern of Constitutional violations by the Hemlock Township Police, or 'deliberate indifference' to any training, supervision or policy need." (Doc. 29-1, at 35). Further, Boyle asserts that he found "no evidence" of deliberate indifference or any "inadequate custom, practice or policy" related to training, supervision or discipline of police officers. He also opines that the record "does not establish any history of such constitutional violations" and concludes that there was "no failure to train." (Doc. 29-1, at 35-36).

  Such testimony would constitute an impermissible legal opinion by an expert witness and will therefore not be permitted. *Penn*, 2020 WL 1016203, at *5 ; *see Patrick*, 536 F. App'x at 258; *Bonilla*, 2016 WL 3165619, at *8; *Ward*, 147 F. Supp. 3d at 279 n.16. The opinions contained in Boyle's report would usurp the Court's "pivotal role in explaining the law to the jury." *Berckeley*, 455 F.3d at 217 (*citing First Nat'l State Bank*, 668 F.2d at 731). He forms legal opinions in other regards on the governing law of the case. As such, Boyle is not permitted to testify as to whether the Defendants used excessive force or acted reasonably, or acted with deliberate indifference in training, supervision, or policy, or as to the constitutionality of the policies of the Hemlock Township Police Department. For these reasons, the motion *in limine* will be granted as to Boyle's legal conclusions on the applicable law. However, the Court will not bar Boyle's testimony in its entirety. As further discussed, *infra*, the Court finds that Boyle

9

Case 4:22-cv-01195-KM   Document 51   Filed 09/30/24   Page 10 of 11

is sufficiently qualified as an expert in the field of law enforcement to testify as an expert at trial, and that his testimony meets the requirements of Federal Rule of Evidence 702.

    C.  OPINION ON MEDICAL CARE PROVIDED TO TIMKO

In his second opinion, Boyle opines that Timko was given "prompt medical attention" and further opines that there "was no denial of medical care, let alone deliberate indifference to a serious medical need." Timko asserts that this portion of the report should be excluded because it is not relevant to any issue in the case and that Timko has not raised a medical claim. (Doc. 28). Defendants respond that Timko raised deliberate indifference to medical needs as part of his excessive force claim. (Doc. 32, at 15). Timko's complaint alleges two counts of excessive force (Counts I and II),[2] violations of the Americans with Disabilities Act and the Rehabilitation Act (Counts IV and V), and state law assault and battery claims (Counts VI and VII). (Doc. 1). Although included in the facts alleged in the complaint are allegations of the medical treatment received by Timko, and allegations of Timko's medical condition, there are no claims alleging any deliberate indifference to a medical need or delay in medical care. As such, the motion *limine* will be granted as to Boyle's conclusion and opinion on the medical care provided to Timko. However, this order will be without prejudice to the Court reconsidering this ruling should the evidence at trial or arguments made at trial put the medical treatment of Timko at issue such that this expert opinion become relevant.

---

[2] Count III also alleged an excessive force claim, but this count was dismissed by the Court on December 29, 2023. (Doc. 46).

### III.   CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Timko's motion *in limine* to preclude the testimony of and report of Christopher Boyle at trial. Boyle is precluded from opinion on ultimate issues and legal conclusions, or on medical care provided to Timko. However, the Court will not bar the testimony and report of Boyle in its entirety, as the Court finds that Boyle is sufficiently qualified as an expert in the field of law enforcement and that his report and testimony meet the requirements of Federal Rule of Evidence 702. As such, Boyle may testify at trial in this matter and his report may be used, subject to the limitations set forth above.[3]

An appropriate Order follows.

BY THE COURT:

**Date: September 30, 2024**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

---

[3] On December 5, 2023, Timko filed a motion for partial summary judgment. (Doc. 36). After a conference with counsel, the Court advised that it would hold any further briefing and decision on that motion in abeyance until the instant motion *in limine* was resolved. The Court will direct this matter to be stayed in order to give the parties a chance to consider whether the pending motion needs supplemental briefing in support, allow Defendants an opportunity to file a brief in support, or otherwise advise the Court as to how they wish to proceed.